

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS



FILED

APR 06 2026 vᴰ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EASTERN DIVISION


JACKIE SAMPLE,


Plaintiff,


v.


DUPAGE COUNTY ILLINOIS,

DUPAGE COUNTY STATE'S ATTORNEY'S OFFICE) ;

ROBERT BERLIN, in his individual capacity;

TREVOR PRINDLE, in his individual capacities;

NICHOLAS LIBERO, in his individual capacities;

DUPAGE COUNTY PUBLIC WORKS

VILLAGE OF BURR RIDGE;

KOULA MICHALOPOULOS, in her individual capacities,

Falling Water Home Owners Association


Defendants.


1: 26-cv-01299 Judge Perry


PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

Plaintiff Jackie Sample, appearing pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 65(b) for an Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction to prevent ongoing and imminent retaliation, intimidation, selective enforcement, and deprivation of essential services under color of law. In support, Plaintiff states:

## I. INTRODUCTION

This motion arises from a coordinated pattern of retaliation by DuPage County officials, municipal entities, and their agents following Plaintiff's whistleblowing, public testimony, and reporting of judicial misconduct. Defendants have:

Terminated Plaintiff's water service without notice or due process;

Issued fraudulent and inflated utility bills;

Engaged in armed intimidation to block Plaintiff from filing complaints;

Disseminated false and defamatory statements;

Selectively enforced laws against Plaintiff while refusing to investigate crimes committed by judges, attorneys, and Plaintiff's spouse;

Initiated eviction proceedings without notice, resulting in a void order.

These actions constitute ongoing First Amendment retaliation, procedural due-process violations, state-created danger, equal-protection violations, and obstruction of access to courts, all actionable under 42 U.S.C. § 1983.

Immediate injunctive relief is necessary to prevent further irreparable harm.

## II. LEGAL STANDARD

A TRO or preliminary injunction is warranted where the movant shows:

Likelihood of success on the merits;

Irreparable harm absent relief;

The balance of equities favors the movant;

Relief is in the public interest.

Winter v. NRDC, 555 U.S. 7 (2008).

Plaintiff satisfies all four factors.

## III. FACTUAL BASIS FOR EMERGENCY RELIEF

### A. Retaliatory Water Termination and Deprivation of Essential Utility

On January 27, 2026, immediately after Plaintiff spoke at a DuPage County Board meeting, Defendants terminated her water service.

No notice, door tag, or opportunity to contest was provided.

Water was withheld for three days in winter, despite Defendants admitting same-day restoration was possible.

A Burr Ridge employee provided false irrigation information to LIHEAP, delaying restoration.

These actions created a state-created danger and violated due process.

### B. Armed Intimidation and Obstruction of Complaint Filing

On November 12, 2025, Investigator Nicholas Liberio approached Plaintiff aggressively while armed, refused to identify himself, blocked complaint filing, and threatened sheriff involvement.

Defendants then covered up Liberio's misconduct.

This obstructed Plaintiff's First Amendment right to petition and access to courts.

## C. Fraudulent Billing and Financial Retaliation

DuPage County issued a $37.86 bill, then escalated it through the State's Attorney's Office as intimidation.

Burr Ridge issued a fraudulent $5,624.96 bill when Plaintiff's prior bill was $167.25.

A mysterious spike in water usage appeared and disappeared without explanation.

These actions show retaliatory motive and abuse of authority.

## D. Defamation and Public Retaliation

Sheriff Mendrick publicly and falsely stated Plaintiff was involved in a crime and accepted a plea deal—statements made to discredit and silence her.

## E. Eviction Without Notice

The Falling Water HOA filed for eviction without notice, resulting in a void order entered March 4, 2026.

## F. Municipal Liability

DuPage County had actual notice of ongoing retaliation, discrimination, and constitutional violations and failed to intervene, demonstrating deliberate indifference under Monell.

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

The facts support multiple constitutional violations:

First Amendment Retaliation: Adverse actions followed protected speech.

Procedural Due Process: Water was terminated without notice or hearing.

Equal Protection: Selective enforcement and refusal to investigate crimes by judges and Plaintiff's spouse.

Access to Courts: Armed intimidation and refusal to accept complaints.

State-Created Danger: Withholding water in winter created foreseeable harm.

These claims are well-established under §1983.

B. Plaintiff Faces Irreparable Harm

Courts consistently hold that:

Loss of First Amendment freedoms,

Deprivation of essential utilities,

Threats to health and safety,

Ongoing retaliation,

Constitute irreparable harm.

Plaintiff remains vulnerable to further retaliation, utility deprivation, and misuse of law-enforcement authority.

C. The Balance of Equities Favors Plaintiff

Defendants suffer no harm from being ordered to follow the Constitution.

Plaintiff faces continued danger, retaliation, and deprivation of essential services.

D. The Public Interest Supports Injunctive Relief

The public has a strong interest in:

Preventing retaliation for whistleblowing;

Ensuring due process;

Preventing misuse of government power;

Protecting access to courts.

V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court issue a Temporary Restraining Order and Preliminary Injunction ordering Defendants to:

Cease all retaliation, intimidation, threats, and selective enforcement against Plaintiff.

Prohibit termination of water or essential utilities without full due process and written notice.

Prohibit armed intimidation or interference with Plaintiff's attempts to file complaints or access government offices.

Prohibit retaliatory conduct involving violations of constitutional rights, retaliatory practices, improper medical documentation, and deviations from accepted standards of care by a treating physician, Dr. Hasabou, who is affiliated with Metropolitan Family Services.

Cease dissemination of false or defamatory statements regarding Plaintiff.

Prohibit enforcement of any eviction order issued without proper notice or due process.

Preserve all records, communications, and billing data related to Plaintiff.

Monetary Damages to be determined prior to trial.

Grant any additional relief the Court deems just and proper.

## VI. CONCLUSION

For the reasons stated, Plaintiff respectfully requests that this Court grant the requested Emergency TRO and Preliminary Injunction to prevent further irreparable harm.


Respectfully submitted,

Jackie Sample

Pro Se Litigant

Email: jackshousinganddevelopment@gmail.com

Phone: (773) 719-0337

Date: April 1, 2026


### Certification

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am legally competent to make this statement and am over the age of twenty-one (21). I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of April, 2026

Jackie Sample

jackshousinganddevelopment@gmai.com

(773)719-0337